ADAM J. COOPER, plaintiff in error, vs. DANIEL LOWERY, defendant in error.

The statute of limitations of 1869 is a good plea in bar to a bill filed after the first of January, 1870, to enforce a vendor's lien on land in the hands of a purchaser from the original vendee, if the second purchase was made, and the original debt due, before the first day of June, 1865.

Vendor's lien. Statute of limitations. Before Judge Mc-Cutchen. Bartow Superior Court. September Adjourned Term, 1874.

On July 28th, 1873, Cooper filed his bill against Lowery, for the purpose of enforcing his vendor's lien upon certain lands which he had sold and conveyed to one Charles Smith prior to the year 1863, and which Smith had sold and conveyed to the defendant in the year 186—. The bill alleged that the defendant bought with a full knowledge that the purchase money due to complainant had never been paid; that at the September term, 1867, of Bartow superior court, the complainant obtained judgment against said Smith for the said purchase money, amounting to $1,483 86, principal, and $114 58 interest to date of judgment; that the execution issued from said judgment has been levied on the land, but that complainant is unable to subject the same to the payment of his debt without the assistance of a court of equity. Prays relief, etc.

Upon demurrer the bill was dismissed, and complainant excepted.

JOHN W. WOFFORD, for plaintiff in error.

A. JOHNSON; D. A. WALKER, for defendant.

McCAY, Judge.

The limitation act of 1869 covers, in terms, almost every kind of action, except actions for the recovery of specific land. The language of section 6th is: "Any debt or liabili-

ty whatsoever due the public, or a corporation, or a private individual." Is the right of the vendor to make this land subject to his lien a liability from the defendant to the plaintiff? That it is only an equitable liability does not help the matter, for the next sentence of the same section we have quoted declares that the limitations of the act shall apply as well to courts of equity as to courts of law. It is attempted to reply to this that the plaintiff's cause of action is a *trust*, and that the act—indeed, any act of limitations—does not apply to trusts. But this is only true in a limited sense. The reason why statutes of limitations do not apply to trusts is that there is no adverse holding. The defendant, if he be a trustee, recognizing the plaintiff's right, ought to have no benefit from the plaintiff's delay, because the plaintiff has no motive, perhaps no right, to sue. But this rule does not apply to implied trusts and constructive trusts, where the trust is cast upon the defendant against his will, and perhaps without his knowledge, by operation of law or by construction. There is no reason why the statute should not run in such cases, since the defendant does not recognize himself as trustee ; and such is the rule of law : *Paschal vs. Davis*, 3d *Georgia*, 256. We think the judge right in his ruling, and we affirm his judgment.

Judgment affirmed.